Insurance — Mutual Funds — Inducement to Purchase The sale of life insurance and mutual fund shares in the same transaction would not per se violate 36 O.S. 1204.10 [36-1204.10](b) (1968), so long as the mutual fund shares are not sold at a discount or below par rate or to influence or induce the sale of insurance. The Attorney General has had under consideration your letter dated June 20, 1968, wherein you request an official opinion. You ask: "We respectfully request your opinion as to whether or not the sale of life insurance and mutual fund shares in the same transaction, as described above, would be in violation of 36 O.S. 1204.10 [36-1204.10](b) (1967), even though the sale of the mutual fund shares was not an inducement to purchase insurance." Title 36 O.S. 1204.10 [36-1204.10](b) (1967), provides: "No insurer, agent, broker, solicitor, or other person shall, as an inducement to insurance or in connection with any insurance transaction, provide in any policy for or offer, sell, buy, or offer or promise to buy, sell, give, promise, or allow to the insured or prospective insured or to any other person in his behalf in any manner whatsoever: "(a) Any employment "(b) Any shares of stock or other securities issued or at any time to be issued or any interest therein or rights thereto. "(c) Any advisory board contract, or any similar contract, agreement or understanding, offering, providing for or promising any special profits. "(d) Any prizes, goods, wares, merchandise, or tangible property of an aggregate value in excess of Two Dollars ($2.00). "(e) Any special favor, advantage or other benefit in the payment, method of payment or credit for payment of the premium through the use of credit cards, credit card facilities, credit card lists, or wholesale or retail credit accounts of another person. The provisions of this paragraph shall not apply to individual policies insuring against loss resulting from bodily injury or death by accident as defined by Article 44 of the Oklahoma Insurance Code. As amended Laws 1965, c. 261, Section 2." While said section has not been construed by the Supreme Court of the State of Oklahoma, its purpose in 36 O.S. 1201 [36-1201] (1961) is declared as being the regulation of trade practices in the business of insurance by defining, or providing for the determination of, all such practices in this state which constitute unfair methods of competition or deceptive acts or practices, and by prohibiting the trade practices so defined or determined. Reading 36 O.S. 1204.10 [36-1204.10] and in light of the declared purposes set forth in 36 O.S. 1201 [36-1201] (1961), the unfair or deceptive act proscribed is the giving to the prospective policy holder something in the way of a favored or preferential treatment which is not available to other persons. The words "in connection with any insurance transaction," as contained in Section 1204.10, are construed to mean something in addition to inducement, and the gravamen of the offense is interpreted as being favored treatment to produce a sale of insurance. The Pennsylvania court, in McDowell v. Good Chevrolet-Cadillac, Inc, Pa. 154 A.2d 497
(1959), was called upon to construe Section 635 of the Pennsylvania Insurance Code, which in part is similar to 36 O.S. 1204.10 [36-1204.10] (1967): ". . . Nor shall any agent . . . personally or otherwise, offer, promise, give, option, sell, or purchase any . . . thing of value whatsoever, as inducement to insurance or in connection therewith . . ." The Pennsylvania court applied the reduction of cost test as the determining factor in reaching a decision as to whether the statute was being violated. Whether a special reduction in cost is given the policy holder seems likewise to be a valid criteria for use in determining whether 36 O.S.Supp. 1967 Section 36[36-36] [36-36] O.S. 1204.10 [36-1204.10] is being violated. It is therefore the opinion of the Attorney General that the sale of life insurance and mutual fund shares in the same transaction would not per se violate 36 O.S. 1204.10 [36-1204.10](b) (1967), so long as the mutual fund shares are not sold at a discount or below par rate or to influence or induce the sale of insurance. (W. Howard O'Bryan Jr.)